**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4900**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

CARLOS ADRIAN OLEA AVILA, a/k/a Eric Santiago Roman, a/k/a
Carlos Olea Avila,

        Defendant – Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro. N. Carlton Tilley,
Jr., Senior District Judge. (1:14-cr-00136-NCT-1)

Submitted: May 27, 2015        Decided: December 23, 2015

Before GREGORY, DUNCAN, and FLOYD, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Leslie Carter Rawls, Charlotte, North Carolina, for Appellant.
Ripley Rand, United States Attorney, Greensboro, North Carolina,
Robert A.J. Lang, Assistant United States Attorney, Alena K.
Baker, Third Year Law Student, Winston-Salem, North Carolina,
for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carlos Adrian Olea Avila appeals the 70-month sentence the district court imposed following his guilty plea to the charge of illegal reentry of an aggravated felon, in violation of 8 U.S.C. §§ 1326 (a) and (b)(2). On appeal, Avila argues that the district court imposed a procedurally unreasonable sentence by failing to explain his sentence and by failing to conduct an individualized assessment of the facts to support his sentence. Because the district court failed to state the basis for the sentence imposed, we are constrained to conclude that we can neither uphold the sentence as procedurally reasonable nor determine its substantive reasonableness. Accordingly, we vacate the judgment of the district court and remand for resentencing.

## I.

## A.

Avila, a native of Mexico, entered the United States on June 15, 2001. In 2003 and 2004, he was convicted of two felonies in California Superior Court. The first, in December 2003, was for possession of methamphetamine. The second, in September 2004, was for vehicle theft. Following the second conviction, on September 24, 2004, Avila was deported to Mexico.

Avila, however, returned to the United States. In 2009, after he was discovered, he was convicted of illegal reentry by an aggravated felon and sentenced to 36 months' imprisonment. After completing his sentence for that crime, Avila was deported to Mexico again.

Less than three years later, Avila was discovered in the United States again. On April 7, 2014, Avila was arrested by the Charlotte ICE/ERO Fugitive Operations Team. A federal grand jury subsequently indicted Avila for illegal reentry by an aggravated felon, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). Avila pleaded guilty under a written plea agreement.

B.

In preparing the presentence report ("PSR"), the probation officer calculated a base-offense level of 8 under the U.S.S.G. § 2L1.2(a) (2013), with a 16-level increase because Avila had been previously deported following his 2003 felony drug trafficking conviction. Applying a 3-level reduction for acceptance of responsibility, the probation officer found Avila's total offense level to be 21. With a criminal history category of V, he faced a Guidelines range of 70 to 87 months. The probation officer recommended a sentence at the low end of the advisory Guidelines range. Neither party objected to the PSR.

The district court adopted the PSR and calculated Avila's Guidelines range to be 70 to 87 months. The government requested a within-Guidelines sentence. Avila requested a downward variance, arguing that, by both imposing the enhancement for illegal reentry and finding a criminal history category of V, the PSR double-counted his prior felony conviction.

To Avila's argument for a downward variance, the Government responded that the three criminal history points were added for the prior conviction and the 16-level enhancement was given because Avila once again reentered the country illegally. Therefore, the Government argued, there was no double-counting. The Government stated, however, that it had no objection to a 70-month sentence.

The district court agreed with the Government on the double-counting argument and concluded that a downward variance was unwarranted. Although the district court also concluded that a sentence at the low end of the Guidelines range was appropriate, it neither explained its rationale for adopting a within-Guidelines sentence nor explicitly mentioned the 18 U.S.C. § 3553(a) factors. The court then sentenced Avila to 70 months' imprisonment. This appeal followed.

II.

In his appeal, Avila contends that his sentence is procedurally unreasonable because (1) the district court failed to sufficiently explain its sentencing decision, including the application of the § 3553(a) factors, and (2) the district court failed to conduct an individualized assessment in its sentencing decision.

In reviewing any sentence for reasonableness, "we apply a 'deferential abuse-of-discretion standard.'" United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (quoting Gall v. United States, 552 U.S. 38, 41 (2007)). Our analysis follows a two-step approach. We first must "ensure that the district court committed no significant procedural error." Gall, 552 U.S. at 51. "If, and only if, we find the sentence procedurally reasonable," we then proceed to "consider the substantive reasonableness of the sentence imposed." Carter, 564 F.3d at 328 (quoting Gall, 552 U.S. at 51).

A district court commits procedural error by

> failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence--including an explanation for any deviation from the Guidelines range.

5

*Gall*, 552 U.S. at 51. "District courts are obligated to explain their sentences, whether those sentences are within or beyond the Guidelines range, although they should especially explain sentences outside this range." United States v. Montes-Pineda, 445 F.3d 375, 380 (4th Cir. 2006) (citation and alteration omitted). In particular, 18 U.S.C. § 3553(c) requires a district court to "state in open court" the specific reasons supporting the sentence given. In doing so, "[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Rita v. United States, 551 U.S. 338, 356 (2007). This not only "allow[s] for meaningful appellate review"; it also "promote[s] the perception of fair sentencing." Gall, 552 U.S. at 50.

Even if a district court imposes a within-Guidelines sentence, "it must place on the record an 'individualized assessment' based on the particular facts of the case before it." Carter, 564 F.3d at 330 (quoting Gall, 552 U.S. at 50) (footnote omitted). "This individualized assessment need not be elaborate or lengthy, but it must provide a rationale tailored to the particular case at hand and adequate to permit 'meaningful appellate review.'" Id. (quoting Gall, 552 U.S. at 50).

6

In Carter, we concluded that the district court failed to "justify Carter's sentence with an individualized rationale." Id. at 328-29 (emphasis omitted). Despite the fact that the district court had "offered a variety of statements" about the parties' arguments, had explained that it was "looking at the four purposes in Section 3553(a)(2)," and had even summarized those purposes, we concluded that the district court failed to sufficiently "explain how those purposes applied to Carter." Id. at 329. Thus, we found Carter's sentence unreasonable because the "district court's asserted 'reasons' could apply to any sentence, regardless of the offense, the defendant's personal background, or the defendant's criminal history." Id. (emphasis omitted).

Here, the totality of the district court's statement to Avila with respect to the sentence was as follows:

> I am in agreement with Ms. Hairston's perspective with regard to how the counted criminal history points, as well as the reason for the aggravated felony existing, and will not vary downward, Mr. McCoppin, for that reason. I am in agreement as well with the recommendation of the guidelines for a sentence at the low end of that advisory range, which is 70 months.
>
> Everyone does have a right to change their life. What happens here regardless of what it is, has nothing to do with the person's decision and right to change whatever it is they do. You had the opportunity to change any decision you would make after you were convicted in Federal District Court in Arizona about returning to the United States.

7

> You know, I am blessed every day, we all are in this courtroom, to have the right to be in the United States, either by birth or through naturalization. Often we don't understand just how important that is. We often take that for granted and don't appreciate it properly, but that doesn't mean that I can change the law or bend the law with regard for what it is for people returning as you have, now more than once when you're not lawfully entitled to, without getting the appropriate permission from immigration officials.

J.A. 60-61. The district court's commentary certainly manifests its concern regarding the offense and its agreement with the recommended Guidelines sentence. It does not, however, include individualized reasons for adopting a within-Guidelines sentence or an explanation of the sentence actually imposed.

The omission is compounded by the lack of an explanation of how the § 3553(a) factors applied to the facts of Avila's case. Although it is true that a district court need not "robotically tick through § 3553(a)'s every subsection," United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006), it must elaborate enough on its application of the sentencing factors so as "to allow an appellate court to effectively review the reasonableness of the sentence," Montes-Pineda, 445 F.3d at 380 (citation omitted). Here, the district court did not offer any reasons to explain how the purposes of the § 3553(a) factors applied to Avila. Furthermore, the record is so bare that we cannot decipher from it whether the district court considered

8

the § 3553(a) factors at all, let alone perform any meaningful appellate review.

In sum, we cannot uphold Avila's sentence as procedurally reasonable because the district court did not adequately explain the basis for the sentence imposed. Accordingly, we vacate the judgment of the district court and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court, and argument would not aid the decisional process.

## III.

For the foregoing reasons, we vacate the judgment of the district court and remand for resentencing.

VACATED AND REMANDED