**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4188**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

CARLOS ADRIAN OLEA AVILA, a/k/a Eric Santiago Roman, a/k/a
Carlos Olea Avila,

    Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  N. Carlton Tilley,
Jr., Senior District Judge.  (1:14-cr-00136-NCT-1)

Submitted: October 19, 2016   Decided: November 21, 2016

Before GREGORY, Chief Judge, and DUNCAN and FLOYD, Circuit
Judges.

Affirmed by unpublished per curiam opinion.

Mark A. Jones, BELL, DAVIS & PITT, PA, Winston-Salem, North
Carolina, for Appellant.  Robert Albert Jamison Lang, Assistant
United States Attorney, Winston-Salem, North Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carlos Adrian Olea Avila pled guilty to illegal reentry by an aggravated felon, in violation of 8 U.S.C. § 1326(a), (b)(2) (2012). Avila appealed his within-Guidelines sentence of 70 months' imprisonment. We remanded for resentencing because the district court did not articulate on the record the reasons for the chosen sentence. United States v. Avila, 633 F. App'x 577 (4th Cir. 2015) (No. 14-4900). On remand, the district court imposed the same sentence.

On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal, but challenging the procedural reasonableness of Avila's sentence on the ground that the district court failed to adequately consider the 18 U.S.C. § 3553(a) (2012) factors and conduct an individualized assessment on remand. The Government declined to file a brief. Although informed of his right to do so, Avila has not filed a supplemental brief.

Our review of Avila's sentence is for reasonableness, under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 46 (2007). We first review for significant procedural error. Id. at 51. Procedural error includes improperly calculating the Sentencing Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a)

2

factors, and failing to adequately explain the selected sentence. Id. Although a sentencing court need not issue a comprehensive, detailed opinion explaining the sentence imposed, the sentencing judge should provide an explanation sufficient "to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Rita v. United States, 551 U.S. 338 (2007) (internal quotation marks omitted); see also United States v. Carter, 564 F.3d 325, 330 ("Th[e] individualized assessment need not be elaborate or lengthy but it must provide a rationale tailored to the particular case at hand and adequate to permit meaningful appellate review." (internal quotation marks omitted)).

On remand, the district court observed that in Avila's case there was a "pattern of violations," that Avila reentered the United States shortly after being deported - violating his supervised release, violated the law after his arrival, failed to abide by court orders, and failed to be truthful with the court. The court concluded that a 70-month within-Guidelines sentence was necessary to promote deterrence because Avila had difficulty following instructions not to return. The court also opined that the sentence was necessary to protect the public because Avila violated the laws while he was in this country. The court further added that the sentence reflected Avila's

3

unwillingness to be truthful with the court and to abide by the court's orders.

Reviewing the district court's statements at sentencing, it is evident that the court based its chosen sentence on its individualized assessment of Avila's case and its consideration of the relevant § 3553(a) factors: Avila's history of repeated illegal reentries, 18 U.S.C. § 3553(a)(1), the need to promote respect for the law, 18 U.S.C. § 3553(a)(2)(A), the need to protect the public, 18 U.S.C. § 3553(a)(2)(C), and the need to afford adequate deterrence to criminal conduct, 18 U.S.C. § 3553(a)(2)(B). Its explanation was "elaborate enough to allow [this Court] to effectively review the reasonableness of the sentence." United States v. Montes-Pineda, 445 F.3d 375, 380 (4th Cir. 2006) (internal quotation marks and citation omitted). Accordingly, we find no procedural error at sentencing.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Avila, in writing, of the right to petition the Supreme Court of the United States for further review. If Avila requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof

4

was served on Avila.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED